Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALEMBIC GLOBAL HOLDING SA, ALEMBIC PHARMACEUTICALS, LTD. and ALEMBIC PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. _____<br><br><br>***Electronically Filed*** |

## COMPLAINT

Plaintiff, Bristol-Myers Squibb Company, by its undersigned attorneys, for their Complaint against Defendants, Alembic Pharmaceuticals, Ltd., Alembic Global Holdings SA, and Alembic Pharmaceuticals, Inc., (collectively, "Alembic" or "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of an Abbreviated New Drug Application ("ANDA") to the Food

and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiff's SPRYCEL® (dasatinib) tablets prior to the expiration of United States Patent Nos. 7,491,725 and/or 8,680,103.

## **THE PARTIES**

2.      Plaintiff Bristol-Myers Squibb Company ("BMS") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

3.      On information and belief, Defendant Alembic Pharmaceuticals, Ltd. ("Alembic Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Alembic Road, Vadodara 390 003, Gujarat, India.

4.      On information and belief, Defendant Alembic Global Holding SA ("Alembic Global") is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Rue Fritz-Courvoisier 40, 2300 La Chaux-de-Fonds, Switzerland. On information and belief, Alembic Global is a wholly-owned subsidiary of Alembic Ltd. and operates under the control and direction of Alembic Ltd.

5.      On information and belief, Defendant Alembic Pharmaceuticals, Inc. ("Alembic Inc.") is a Delaware corporation having a principal place of business at 750 Route 202, Bridgewater, New Jersey 08807. On information and belief, Alembic Inc. is a wholly-owned subsidiary of Alembic Global and operates under the control of Alembic Global and Alembic Ltd.

6.      On information and belief, Alembic Inc. is acting on behalf of, at the direction, and for the benefit, of Alembic Global and Alembic Ltd., and is controlled and/or dominated by Alembic Global and Alembic Ltd. with respect to ANDA No. 216261 (the "Alembic ANDA").

2

7. Alembic Ltd., Alembic Global and Alembic Inc. are collectively referred to hereinafter as "Alembic."

8. On information and belief, Alembic Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey, through its own actions and through the actions of its agents and subsidiaries, including Alembic Global and Alembic Inc., from which Alembic Ltd. derives a substantial portion of its revenue.

9. On information and belief, Alembic Inc. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey.

10. On information and belief, Alembic Inc. is registered to do business in New Jersey under entity identification number 0101031141.

11. On information and belief, Alembic Inc. is currently registered as "Manufacturer and Wholesale" by the New Jersey Department of Health under Registration No. 5004785.

12. On information and belief, Alembic Ltd. is listed as the applicant of the Alembic ANDA and has sent notice to BMS stating that Alembic Ltd. included a certification in the Alembic ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

13. On information and belief, Alembic Ltd. acted in concert with Alembic Global and Alembic Inc. to prepare and submit the Alembic ANDA for Alembic Ltd.'s 20 mg, 50 mg, 70 mg, 80 mg, 100 mg and 140 mg dasatinib tablets ("Alembic ANDA Products").

3

14. On information and belief, Alembic Ltd. acted in concert with Alembic Global and Alembic Inc. to prepare and submit the Alembic ANDA for the Alembic ANDA Products, which was done at the direction of, under the control of, and for the direct benefit of Alembic Ltd.

15. On information and belief, following FDA approval of the Alembic ANDA, Alembic Ltd., will manufacture and supply the approved generic product to Alembic Global and/or Alembic Inc., which will in turn market and sell the product throughout the United States, including New Jersey, at the direction, under the control, and for the direct benefit of Alembic Ltd.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this Court as to Alembic Ltd. because, among other things, Alembic Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c); *see also* 28 U.S.C. § 1400(b).

18. Venue is proper in this Court as to Alembic Global because, among other things, Alembic Global is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c); *see also* 28 U.S.C. § 1400(b).

19. Venue is proper in this Court as to Alembic Inc. because, among other things, Alembic Inc. has a regular and established place of business in this district, and has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patent that will lead to foreseeable harm and injury to BMS by filing or assisting in filing the Alembic ANDA in New Jersey with the intention of seeking to market the Alembic ANDA Products nationwide, including within New Jersey. 28 U.S.C. § 1400(b).

20.     Moreover, Alembic has not contested venue in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g., Actelion Pharm., Ltd. et al. v. MSN Pharm., Inc. et al.* No. 20-03859, Dkt. 22 (D.N.J. Jun. 12, 2020) (Alembic Ltd. and Alembic Inc.); *Duke University et al., v. Alembic Pharm. Ltd. et al.*, No. 17-07453, Dkt. 14 (D.N.J. Dec. 26, 2017) (Alembic Ltd. and Alembic Inc.); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, No. 14-07405, Dkt. 32 (D.N.J. Mar. 16, 2015) (Alembic Ltd., Alembic Global, and Alembic Inc.); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, No. 14-02982, Dkt. 11 (D.N.J. Oct. 27, 2014) (Alembic Ltd., Alembic Global, and Alembic Inc.).

## **PERSONAL JURISDICTION OVER ALEMBIC LTD.**

21.     Plaintiff realleges paragraphs 1-20 as if fully set forth herein.

22.     This Court has personal jurisdiction over Alembic Ltd. because, *inter alia*, Alembic Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute the Alembic ANDA Products to residents of this State upon approval of the Alembic ANDA, either directly or through at least one of its wholly-owned subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Alembic Inc.

23.     This Court has personal jurisdiction over Alembic Ltd. because, *inter alia*, Alembic Ltd. itself, and through its wholly owned subsidiary Alembic Inc., purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court. On information and belief, Alembic Ltd. itself, and through its wholly owned subsidiary Alembic Inc., develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and

therefore transacts business within the State of New Jersey related to BMS's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

24. On information and belief, Alembic Ltd. is subject to personal jurisdiction in New Jersey because it controls and dominates Alembic Inc. and therefore the activities of Alembic Inc. in this jurisdiction are attributed to Alembic Ltd.

25. Furthermore, this Court has personal jurisdiction over Alembic Ltd. because, on information and belief, Alembic Ltd. has participated in the preparation and/or submission of ANDA No. 216261 within this jurisdiction.

26. On information and belief, Alembic Ltd. has not contested jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Actelion Pharm., Ltd. et al. v. MSN Pharm., Inc. et al.* No. 20-03859, Dkt. 21 (D.N.J. Jun. 12, 2020); *Duke University et al., v. Alembic Pharm. Ltd. et al.*, No. 17-07453, Dkt. 14 (D.N.J. Dec. 26, 2017); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, No. 14-07405, Dkt. 32 (D.N.J. Mar. 16, 2015); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, No. 14-02982, Dkt. 11 (D.N.J. Oct. 27, 2014).

27. On information and belief, Alembic Ltd. has consented to jurisdiction in New Jersey and initiated litigation in this Judicial district in, at least, *Alembic Pharm., Ltd. v. Novartis Pharm. Corp.*, No. 19-20890, Dkt. 1 (D.N.J. Nov. 27, 2019).

28. Alternatively, to the extent the above facts do not establish personal jurisdiction over Alembic Ltd., this Court may exercise jurisdiction over Alembic Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) Alembic Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Alembic Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing

6

ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Alembic Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

## **PERSONAL JURISDICTION OVER ALEMBIC GLOBAL**

29.     Plaintiff realleges paragraphs 1-28 as if fully set forth herein.

30.     On information and belief, Alembic Global develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

31.     This Court has personal jurisdiction over Alembic Global because, *inter alia*, Alembic Global, on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its subsidiaries or agents; (2) intends to market, sell, or distribute the Alembic ANDA Products to residents of this State upon approval of the Alembic ANDA; (3) makes its generic drug products available in this State; and (4) enjoys substantial income from sales of its generic pharmaceutical products in this State.

32.     Furthermore, this Court has personal jurisdiction over Alembic Global because, on information and belief, Alembic Global has participated in the preparation and/or submission of ANDA No. 216261 within this jurisdiction.

33.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Alembic Global, this Court may exercise jurisdiction over Alembic Global pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) Alembic Global would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Alembic Global has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and selling generic pharmaceutical products that are distributed throughout the

United States, such that this Court's exercise of jurisdiction over Alembic Global satisfies due process.

## **PERSONAL JURISDICTION OVER ALEMBIC INC.**

34.    Plaintiff realleges paragraphs 1-33 as if fully set forth herein.

35.    On information and belief, Alembic Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in the State of New Jersey and therefore transacts business within the State of New Jersey related to BMS's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

36.    On information and belief, Alembic Inc., directly or indirectly, manufactures, markets, imports and sells generic drugs throughout the United States and in this judicial district. *See, e.g., Corporate Profile*, ALEMBICUSA.COM, https://www.alembicusa.com/corporate-profile.aspx (last visited Sept. 24, 2021).

37.    This Court has personal jurisdiction over Alembic Inc. because, *inter alia*, Alembic Inc., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its subsidiaries or agents; (2) intends to market, sell, or distribute the Alembic ANDA Products to residents of this State upon approval of the Alembic ANDA; (3) makes its generic drug products available in this State; and (4) enjoys substantial income from sales of its generic pharmaceutical products in this State.

38.    This Court has personal jurisdiction over Alembic Inc. because Alembic Inc. is a corporation with a regular and established place of business in New Jersey.

39.    On information and belief, Alembic Inc. is registered as "Manufacturer and Wholesale" with the State of New Jersey's Department of Health under Registration No. 5004785.

40.    On information and belief, Alembic Inc. is registered with the State of New Jersey as a business operating in New Jersey under Business ID No. 0101031141.

41. On information and belief, Alembic Inc. has not contested jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Actelion Pharm., Ltd. et al. v. MSN Pharm., Inc. et al.* No. 20-03859, Dkt. 21 (D.N.J. Jun. 12, 2020); *Duke University et al., v. Alembic Pharm. Ltd. et al.*, No. 17-07453, Dkt. 14 (D.N.J. Dec. 26, 2017); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, No. 14-07405, Dkt. 32 (D.N.J. Mar. 16, 2015).

## BACKGROUND

### U.S. PATENT NO. 7,491,725

42. On February 17, 2009, the USPTO duly and legally issued United States Patent No. 7,491,725 ("the '725 patent") entitled "Process for preparing 2-aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '725 patent is attached as Exhibit 1. The '725 patent is assigned to BMS.

### U.S. PATENT NO. 8,680,103

43. On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,680,103 ("the '103 patent") entitled "Process for preparing 2-aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '103 patent is attached as Exhibit 2. The '103 patent is assigned to BMS.

### SPRYCEL®

44. BMS is the holder of New Drug Application ("NDA") No. 029186 for dasatinib, for oral use, in 20 mg, 50 mg, 70 mg, 80 mg, 100 mg, and 140 mg dosages, which is sold under the trade name SPRYCEL®.

9

45.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '725 and '103 patents are among the patents listed in the Orange Book with respect to SPRYCEL®.

46.    The '725 and '103 patents cover the SPRYCEL® product.

## ACTS GIVING RISE TO THIS ACTION

## COUNT I—INFRINGEMENT OF THE '725 PATENT

47.    Plaintiff realleges paragraphs 1-46 as if fully set forth herein.

48.    On information and belief, Alembic submitted the Alembic ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Alembic ANDA Products.

49.    Alembic has represented that the Alembic ANDA refers to and relies upon the SPRYCEL® NDA, and contains data that, according to Alembic, demonstrate the bioavailability or bioequivalence of the Alembic ANDA Products to SPRYCEL®.

50.    Plaintiff received a letter from Alembic on or about August 20, 2021 stating that Alembic had included a certification in the Alembic ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '725 and '103 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Alembic ANDA Products (the "Alembic Paragraph IV Certification"). Alembic intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Alembic ANDA Products prior to the expiration of the '725 and '103 patents.

51.    Subsequent to sending the Alembic Paragraph IV Certification, Alembic has not provided information relevant to an infringement analysis of the '725 and '103 patents, including samples of its ANDA products.  *See Hoffman-La Roche, Inc. v. Invamed, Inc.,* 213 F.3d 1359, 1363-1364 (Fed. Cir. 2000).

52.     Alembic has infringed at least one claim of the '725 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Alembic ANDA, by which Alembic seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Alembic ANDA Products prior to the expiration of the '725 patent.

53.     Alembic has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Alembic ANDA Products in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Alembic's infringement of the '725 patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

54.     Alembic's manufacture, use, offer to sell, or sale of the Alembic ANDA Products in the United States or importation of the Alembic ANDA Products into the United States during the term of the '725 patent would further infringe, literally or under the doctrine of equivalents, at least one claim of the '725 patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

55.     On information and belief, the Alembic ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '725 patent either literally or under the doctrine of equivalents.

56.     On information and belief, the use of the Alembic ANDA Products constitutes a material part of at least one of the claims of the '725 patent; Alembic knows that the Alembic ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents; and the Alembic ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

57.    On information and belief, the offering to sell, sale, and/or importation of the Alembic ANDA Products would contributorily infringe at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

58.    On information and belief, Alembic had knowledge of the '725 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

59.    On information and belief, the offering to sell, sale, and/or importation of the Alembic ANDA Products by Alembic would actively induce infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

60.    Plaintiff will be substantially and irreparably harmed if Alembic is not enjoined from infringing the '725 patent.

61.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

62.    On information and belief, based on the information provided by Alembic to date, the factual contentions in paragraph 48-61 have evidentiary support. On information and belief, the factual contentions in paragraphs 48-61 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

### COUNT II—INFRINGEMENT OF THE '103 PATENT

63.    Plaintiff realleges paragraphs 1-51 as if fully set forth herein.

64.    Alembic has infringed at least one claim of the '103 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Alembic ANDA, by which Alembic seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Alembic ANDA Products prior to the expiration of the '103 patent.

65.     Alembic has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Alembic ANDA Products in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Alembic's infringement of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

66.     Alembic's manufacture, use, offer to sell, or sale of the Alembic ANDA Products in the United States or importation of the Alembic ANDA Products into the United States during the term of the '103 patent would further infringe at least one claim of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

67.     On information and belief, the Alembic ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '103 patent either literally or under the doctrine of equivalents.

68.     On information and belief, the use of the Alembic ANDA Products constitutes a material part of at least one of the claims of the '103 patent; Alembic knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

69.     On information and belief, the offering to sell, sale, and/or importation of the Alembic ANDA Products would contributorily infringe at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

70.     On information and belief, Alembic had knowledge of the '103 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they

will aid and abet another's direct infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

71.    On information and belief, the offering to sell, sale, and/or importation of the Alembic ANDA Products by Alembic would actively induce infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

72.    Plaintiff will be substantially and irreparably harmed if Alembic is not enjoined from infringing the '103 patent.

73.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

74.    On information and belief, based on the information provided by Alembic to date, the factual contentions in paragraph 63-73 have evidentiary support. On information and belief, the factual contentions in paragraphs 63-73 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

75.    The foregoing factual contentions in paragraphs 1-74 have evidentiary support, or likely will have evidentiary support after a reasonable opportunity for further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Alembic and for the following relief:

a.  A Judgment be entered that Alembic has infringed at least one claim of the '725 patent by submitting the Alembic ANDA;

b.  A Judgment be entered that Alembic has infringed at least one claim of the '103 patent by submitting the Alembic ANDA;

c.  A Judgment be entered that this case is exceptional, and that Plaintiff is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

d.  That Alembic, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '725 and '103 patents, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '725 and '103 patents or such other later time as the Court may determine;

e.  A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Alembic's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '725 and '103 patents, including any extensions;

f.  That Plaintiff be awarded monetary relief if Alembic commercially uses, offers to sell, or sells its respective proposed generic versions of SPRYCEL® or any other product that infringes or induces or contributes to the infringement of the '725 and '103 patents, within the United States, prior to the expiration of those patents, including any extensions, and that any such monetary relief be awarded to Plaintiff with prejudgment interest;

g.  Costs and expenses in this action; and

h.  Such other and further relief as the Court deems just and appropriate.

15

Dated: September 30, 2021

Respectfully submitted,

/s/Liza M. Walsh

Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Sam Kwon
Christopher Ilardi
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: September 30, 2021                    WALSH PIZZI O'REILLY FALANGA LLP

                                             _s/Liza M. Walsh_

                                             Liza M. Walsh

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: September 30, 2021                     WALSH PIZZI O'REILLY FALANGA LLP

                                              *s/Liza M. Walsh*

                                              Liza M. Walsh